UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | : | Case No. 13-40091-399 |
| | : | |
| Shell J. Sharp, | : | Chapter 7 |
| | : | |
| Debtor. | : | |

_____

| | | |
|---|---|---|
| | : | |
| MICHAEL HOLMES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Adversary No. 17-04060-399 |
| | : | |
| Shell J. Sharp | : | |
| | : | |
| Defendant. | : | |

: : : : : : : : : : : : : : : : : : : : : :

**PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE TO
REINSTATEMENT, WITHOUT PAYMENT OF ANY FUTHER FILING FEE,
FOR DETERMINATION OF DISCHARGEABILITY IF AND
WHEN ANY FEDERAL COURT JUDGMENT BECOMES FINAL**

NOW COMES Plaintiff, MICHAEL HOLMES, by and through his attorneys, and moves to DISMISS THIS AVERSARY ACTION WITHOUT PREJUDICE TO REINSTATMENT, WITHOUT PAYMENT OF ANY FUTHER FILING FEE, FOR DETERMINATION OF DISCHARGEABILITY IF AND WHEN ANY FEDERAL COURT JUDGMENT BECOMES FINAL. In support, Plaintiff states:

**Background**

1.      This matter pertains to Creditor Michael Holmes's right to enforce a civil-rights jury verdict in a 42 U.S.C. § 1983 suit arising actions taken during Shell Sharp's former employment with the St. Louis Metropolitan Police Department. In

that action, while awarding Holmes damages of $2.5mm, the jury found that Sharp: (1) fabricated evidence against Holmes in violation of due process; (2) conspired with another police officer to violate Holmes's right to due process; (3) maliciously prosecuted Holmes, and (4) caused Holmes's false imprisonment. *See generally* See Exhibit 1 (Jury Instructions); Exhibit 2 (Verdict Form).

2.      The only issue in this adversary proceeding is whether this debt is non-dischargeable in bankruptcy because it was the result of "willful and malicious injury by the debtor" within the meaning of Section 523(a)(6). 11 U.S.C. § 523(a)(6); *see, e.g.*, *In re Stage*, 321 B.R. 486 (8th Cir. BAP 2005).

3.      To be clear: this suit does not pertain to Mr. Sharp's personal actions taken outside the scope of his employment as a police officer. Put differently, Holmes's claim against Sharp rises and falls upon the success of his § 1983 action.

## Discussion

### I.      The § 1983 Action Resolves the 523(a)(6) Issue Entirely

4.      In Holmes's view, there can be no dispute that the §1983 action will completely decide the dischargability issue. One of the claims in the § 1983 action was for malicious prosecution, and the Eighth Circuit has already in fact held that such a jury verdict satisfies § 523(a)(6). *See In re Scarborough*, 171 F.3d 638, 643 (8th Cir. 1999).

5.      Even if that were not the case, the proper inquiry is to examine the jury verdict and instructions in the other matter. *See, e.g.*, *In re Langelslag*, 366 B.R. 51 (D. Minn. 2007). Here, jury instructions and verdict satisfy § 523(a)(6), as

2

the jury's findings necessarily include a determination that Sharp knew he was intentionally and willfully violating Holmes's rights, which then caused Holmes the severe harm of wrongful imprisonment. *See* Ex. 1; Ex.2 .

6.      Accordingly, from Holmes's view, the adversary proceeding can be decided entirely on the basis of preclusion because the "findings from the earlier proceeding are sufficient to establish all of the elements of nondischargeability." *Langleslag*, 366 B.R. at 56.

## II.      The Parties Dispute What Issues Are Actually Set For Trial

7.      The only wrinkle to applying collateral estoppel here—and part of the reason Holmes did not previously seek summary judgment—is that the jury verdict is currently on appeal before the Eighth Circuit Court of Appeals. *See* No. 17-1309 (pending). Oral argument in the Eighth Circuit shall likely occur within the next few months.

8.      This Court has ordered trial to proceed on October 23, 2017. However, there is a significant dispute between the parties about exactly *what issue* is before the Court on October 23, 2017.

9.      Holmes's position is that the questions are (1) whether the jury verdict in the § 1983 suit satisfies Section 523(a)(6), and (2) how this Court should craft an order in light of the pending appeal. The first question is not a close question. The federal verdict "collaterally estopped the relitigation of that issue in [Sharp's] adversary proceeding concerning the malicious prosecution judgment debt." *Scarborough*, 171 F.3d at 643. The second question is more open.

10.    By contrast, as Plaintiff understands it, Sharp's view is that the entire underlying incident involving Holmes claim that Sharp caused his wrongful conviction by violating his constitutional rights must be tried in this Court.

11.    Holmes cannot see any reason that the entire "underlying incident"—which was already the subject of a weeklong trial following years of discovery—should be tried before this Court. Doing so would not just involve a substantial (and needless) expenditure of resources, it would also contradict Eighth Circuit precedent like *Scarborough*. *See also, e.g.*, *In re Cochrane*, 124 F.3d 978, 983 (8th Cir.1997); *In re Miera*, 926 F.2d 741, 743 (8th Cir.1991).

12.    Plaintiff was, in fact, surprised when Sharp's counsel recently took the position that the entire "underlying incident" is to be tried on October 23rd. Had this been the case all along, Plaintiff would have never, in his motion to continue the pretrial conference, stated:

> given the narrow issues at stake here, Plaintiff does not believe that the pre-trial conference should at all impact the trial date if the parties fail to reach a resolution.

Dkt. 15 (emphasis added).

13.    An entire trial of whether Sharp violated Holmes's constitutional rights and caused his wrongful conviction is certainly not a "narrow issue." Counsel's understanding was, instead, that the issue to be litigated is whether the §1983 verdict satisfies 523(a)(6) and what sort of order this court should enter given the fact that the verdict is on appeal. That narrow issue could be resolved in a couple of hours, perhaps much less.

4

### III.    Dismissal Without Prejudice Is The Appropriate Course Here

14.    Holmes anticipates the Eighth Circuit will affirm the jury verdict in the § 1983 action. On the unlikely event that the Eighth Circuit orders a new trial, that trial will also determine, in the first instance, whether Holmes has a claim against Sharp that even could be subject to non-dischargeability. Accordingly, the interests of judicial economy favor allowing the Eighth Circuit to make its determination before proceeding with any matters in this Court.

15.    In addition, other courts have issued rulings dismissing without prejudice to re-filing in similar instances. *See, e.g.*, *In re Furrow*, 2005 WL 1397156 (W.D. Mo. 2005); *In re Larson*, 64 B.R. 102 (W.D. Mo. 1986);

16.    Plaintiff's counsel appreciates the Court's concern with respect to the timing and manner in which these issues have been raised to this Court. The undersigned counsel confesses error in not having raised the foregoing issues at an earlier time, and in not appreciating the manner in which this Court expected the parties to address these issues.

17.    Given the circumstances, Plaintiff respectfully requests that this Court dismiss this adversarial proceeding without prejudice to reinstatement, without payment of any further filing fee, for determination of dischargebility, if and when any federal court judgment becomes final. A proposed order to that effect is attached. *See* Exhibit 3 (Proposed Order).[1]

---

[1] Plaintiff's counsel attempted to confer with counsel for Sharp concerning whether Sharp opposes this motion. Plaintiff's counsel was unable to reach counsel but

## Conclusion

WHEREFORE Plaintiff respectfully seeks to dismiss this action without prejudice, as described above and as set out in the Proposed Order.

Respectfully submitted,

/s/ David B. Owens
Attorney for Plaintiff

David B. Owens
Loevy & Loevy
311 N. Aberdeen St.
Third Floor
Chicago, IL 60607
(312) 243-5900

---

believes, based upon prior discussions among counsel, that Sharp does not oppose this motion.

## <u>CERTIFICATE OF SERVICE</u>

    The undersigned hereby certifies that a copy of the foregoing was served on counsel of record on October 13, 2017 via the Court's CM/ECF filing system.

/s/ David B. Owens         

Instruction No. 1

Ladies and Gentlemen: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions -those I give you now and those I give you later are equally important and you must follow them all.

This is a civil case brought by Plaintiff Michael Holmes against the defendants, Shell Sharp and Bobby Lee Garrett. Plaintiff Holmes alleges that defendants Sharp and Garrett caused his wrongful and false arrest in 2006 and charged him with possession of narcotics. The Defendants deny Holmes' allegations. It will be your duty to decide from the evidence which party—either Plaintiff Michael Holmes or Defendants Sharp and Garrett—is entitled to your verdict.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law, which I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something

different at another time, whether their testimony is generally reasonable, and how consistent

their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you

to come to a just verdict based only on the evidence, your common sense, and the law that I give

you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think your verdict should

be.

Instruction No. 2

When I use the word "evidence," I mean the testimony of witnesses; documents and other things I receive as exhibits; facts that I tell you the parties have agreed are true; and any other facts that I tell you to accept as true.

Some things are not evidence. I will now describe to you things that are not evidence.

1.     Lawyers' statements, arguments, questions, and comments are not evidence.

2.     Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

3.     Objections are not evidence. Lawyers have a right—and sometimes a duty—to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections. If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4.     Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5.     Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true. A fact or a group of facts may, based on logic and common sense, lead you to a conclusion as to other facts. This is known as circumstantial evidence. A fact may be proved by circumstantial evidence. For example, if you are in a building and a person enters who is wet and is holding an umbrella, you might conclude that it was raining outside. Circumstantial evidence is entitled to the same consideration as any other type of evidence. Therefore, you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

Instruction No. 3

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

Instruction No. 4

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to.

Because of this, you have to pay close attention to the testimony and other evidence as it is presented here in the courtroom.

Instruction No. 5

Jurors, to make sure this trial is fair to all parties, you must follow these rules:

First, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to consider your verdict.

Second, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

Third, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone tries to talk to you about the case during the trial, please report it to the Court deputy.

Fourth, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case—not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is just about the weather—that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, you must understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

Fifth, you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you have to be in court, and you can warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you. But, you must not communicate with anyone or post information about the parties, witnesses, participants, claims, evidence, or anything else related to this case. You

must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again. During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case. For example, do not talk face-to-face or use any electronic device, such as a telephone, cell phone, smart phone, iphone, PDA, computer, or computer-like device. Likewise, do not use the Internet or any Internet service; do not go on an Internet chat room, blog, or other websites such as Facebook, MySpace, YouTube, or Twitter. In other words, do not communicate with anyone about this case—except for the other jurors during deliberations—until I accept your verdict.

Sixth, do not do any research—on the Internet, in libraries, newspapers, or otherwise—and do not investigate this case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony. Also, do not look up any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the court.

Seventh, do not read any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports about the case or about anyone involved with it. In fact, until the trial is over I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any television or radio newscasts at all. I do not know whether there will be news reports about this case, but if there are, you might

accidentally find yourself reading or listening to something about the case. If you want, you can

have someone clip out any stories and set them aside to give to you after the trial is over. I can

assure you, however, that by the time you have heard all the evidence in this case, you will know

what you need to return a just verdict.

The parties have a right to have you decide their case based only on evidence admitted

here in court. If you research, investigate, or experiment on your own, or get information from

other sources, your verdict might be influenced by inaccurate,

incomplete, or misleading information. Witnesses here in court take an oath to tell the truth, and

the accuracy of their testimony is tested through cross-examination.

All of the parties are entitled to a fair trial and an impartial jury, and you have to conduct

yourselves in a way that assures the integrity of the trial process. If you decide a case based on

information not admitted in court, you will deny the parties a fair trial. You will deny them

justice. Remember, you have taken an oath to follow the rules, and you must do so.

Eighth, do not make up your mind during the trial about what your verdict should be.

Keep an open mind until after you and your fellow jurors have discussed all the evidence.

Instruction No. 6

The trial will proceed in the following manner:

First, the plaintiff's lawyer may make an opening statement. Next, the defendants' lawyer may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the plaintiff will then present evidence. The defendants' lawyer will have a chance to cross-examine the plaintiff's witnesses. After the plaintiff has finished presenting their case, the defendants may present evidence, and the plaintiff's lawyer will have a chance to cross-examine their witnesses.

After you have seen and heard all of the evidence, I will instruct you further on the law. The attorneys will then have an opportunity to make closing arguments to summarize the evidence. As with opening statements, closing arguments are not evidence. After closing arguments, you will go to the jury room to deliberate upon your verdict.

Instruction No. _____7_____

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of the trial.

The instructions I am about to give you now are in writing and will be available to you in the jury room.

Instruction No. _____8_____

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

Instruction No._____9_____

You will have to decide whether certain facts have been proved. The burden of proving a fact is upon the party whose claim or defense depends upon that fact. A fact has been proved if you find that it is more likely true than not true, which is what we call the "preponderance of the evidence."

You decide that by considering all of the evidence and deciding what evidence is more believable. Determining whether something is more likely true than not true is done by considering all of the evidence and deciding which evidence is more believable. The preponderance of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

You may only consider whether the lower standard, what we call a preponderance of the evidence, which means that you find it more likely true than not.

Instruction No. _____ 10 _____

    You have heard evidence that there was a previous trial of this case. Keep in

mind, however, that you must decide this case solely on the evidence presented to

you in this trial. The fact of a previous trial should have no bearing on your

decision in this case

INSTRUCTION NO. 14

You have heard evidence that Defendant Garrett has been convicted of theft of government funds, conspiracy to commit wire fraud deprivation of honest services, wire fraud deprivation of right to honest services, two counts of making false statements, and misapplication of property under the care, custody, and control of a state government agency that receives federal funds.

You may use that evidence to help you decide whether to believe Defendant Garrett and how much weight to give his testimony. You may consider this evidence in assessing Defendant Garrett's motive, opportunity, intent, plan, and knowledge in his interactions with Plaintiff Michael Holmes.

You should give this evidence the weight and value you believe it is entitled to receive.

Remember, even if you find that Defendant Garrett may have committed a similar act or acts in the past, this is not evidence that he committed such an act or acts in this case. You may not find Defendant Garrett liable solely because you believe he committed similar acts in the past. The defendant is on trial only for the misconduct alleged by Plaintiff Michael Holmes, and you may consider the evidence of prior acts only on the issues stated above.

Instruction No. _____12_____

Your verdict must be for plaintiff and against defendant Sharp on plaintiff's claim for

violation of plaintiff's due process rights if all of the following elements have been proved by the

preponderance of the evidence:

*First*, defendant Sharp created false evidence or provided false information in police

reports against plaintiff, and

*Second*, as a direct result, plaintiff was injured.

If any of the above elements has not been proved, then your verdict must be for defendant

Sharp.

Instruction No. _____13_____

      Your verdict must be for plaintiff and against defendant Sharp on the claim of conspiracy to violate plaintiff's civil rights if all the following elements have been proven by the preponderance of the evidence:

      *First*, defendant Sharp agreed with defendant Garrett and/or others to violate plaintiff's due process rights as set forth in Instruction 12 , and

      *Second*, one of the conspirators did or caused to be done an act in furtherance of the objective of the agreement, and

      *Third*, as a direct result, plaintiff was damaged.

      If any of the above elements has not been proved by the preponderance of the evidence, then your verdict must be for defendant Sharp.

Instruction No. _____ 14 _____

Your verdict must be for plaintiff and against defendant Garrett on the claim of

conspiracy to violate plaintiff's civil rights if all the following elements have been proven by the

preponderance of the evidence:

*First*, defendant Garrett agreed with defendant Sharp and/or others to violate plaintiff's

due process rights as set forth in Instruction 12, and

*Second*, at least one of the conspirators did or caused to be done an act in furtherance of

the objective of the agreement, and

*Third*, as a direct result, plaintiff was damaged.

If any of the above elements has not been proved by the preponderance of the evidence,

then your verdict must be for defendant Garrett.

## INSTRUCTION NO. *15*

The elements of a conspiracy are rarely established through direct evidence and may be proved through circumstantial evidence. It is not necessary for the Plaintiff to show that each participant knew the exact limits of the illegal plan or that a conspirator approved of or participated in the co-conspirator's specific actions in furtherance of the conspiracy. It is enough that the co-conspirator understand the general objectives of the scheme, accept them, and agree, either explicitly or implicitly, to do his or her part to further them.

Instruction No. 16

Your verdict must be for plaintiff on plaintiff's state law malicious prosecution claim if you believe:

*First*, defendant Sharp instigated a judicial proceeding against plaintiff that terminated in favor of plaintiff, and

*Second*, in so doing defendant Sharp acted maliciously and without reasonable grounds, and

*Third*, plaintiff was thereby damaged.

If any of the above elements has not been proved, then your verdict must be for the defendant.

The term "maliciously" as used in this instruction means acting intentionally with an evil motive.

The phrase "reasonable grounds" as used in this instruction means the existence of facts which would cause an ordinarily careful person to believe plaintiff was guilty of the offense charged.

The term "instigate" a judicial proceeding as used in this instruction means to stimulate into action, including any actions that aid, promote, or encourage the prosecution. Merely providing honest information from which a prosecution ensues is not instigation. However, instigation of a judicial proceeding includes recklessly or knowingly giving false or misleading information to other prosecuting officials.

Instruction No. ___17___

Your verdict must be for plaintiff on plaintiff's state law malicious prosecution claim if you believe:

*First*, defendant Garrett instigated a judicial proceeding against plaintiff that terminated in favor of plaintiff, and

*Second*, in so doing defendant Garrett acted maliciously and without reasonable grounds, and

*Third*, plaintiff was thereby damaged.

If any of the above elements has not been proved, then your verdict must be for the defendant.

The term "maliciously" as used in this instruction means acting intentionally with an evil motive.

The phrase "reasonable grounds" as used in this instruction means the existence of facts which would cause an ordinarily careful person to believe plaintiff was guilty of the offense charged.

The term "instigate" a judicial proceeding as used in this instruction means to stimulate into action, including any actions that aid, promote, or encourage the prosecution. Merely providing honest information from which a prosecution ensues is not instigation. However, instigation of a judicial proceeding includes recklessly or knowingly giving false or misleading information to other prosecuting officials.

Instruction No. _____18_____

Your verdict must be for plaintiff and against defendant Sharp on plaintiff's state law

false imprisonment claim if you believe:

*First*, defendant Sharp intentionally restrained plaintiff against plaintiff's will,

*Second*, defendant Sharp did not have reasonable grounds to believe that plaintiff

committed a crime, and

*Third*, plaintiff was thereby injured.

Instruction No. _____19-___

Your verdict must be for plaintiff and against defendant Garrett on plaintiff's state law

false imprisonment claim if you believe:

*First*, defendant Garrett intentionally restrained plaintiff against plaintiff's will,

*Second*, defendant Garrett did not have reasonable grounds to believe that plaintiff may

have committed a crime, and

*Third*, plaintiff was thereby injured.

INSTRUCTION NO. _20_

The fact that I will instruct you on the proper measure of damages should not be considered as an indication of any view of mine as to which party is entitled to your findings in this case. Instructions as to the measure of damages are given only for your guidance and for your use only in the event that you should find in favor of the Plaintiff by a greater weight of the evidence on the question of liability and in accord with the other instructions.

## INSTRUCTION NO. 21

If you find in favor of the Plaintiff, then you must award him an amount of money that will fairly compensate him for any damages you find he has sustained and/or is reasonably likely to sustain in the future as a result of the violation of plaintiff's constitutional rights. You should consider the following elements of damages:

The physical pain and mental or emotional suffering the plaintiff has experienced as well as any suffering he is reasonably certain to experience in the future; the nature and extent of the injury, whether the injury is temporary or permanent,

No evidence of the dollar value of physical or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

Instruction No. _22_

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous.

Nothing I have said or done is intended to suggest what your verdict should be -

that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you

reach in this case. [The form reads as follows: (read form)]. You will take this form to the

jury room, and when each of you has agreed on the verdict[s], your foreperson will

fill in the form, sign and date it, and advise the marshal or bailiff that you are ready

to return to the courtroom.

# VERDICT

**Note:**    Complete this form by writing in the names required by your verdict.

On plaintiff Michael Holmes's due process claim against defendant Shell Sharp for fabrication of evidence, as submitted in Instruction No. 12 ,we find in favor of

_____

~~Plaintiff Michael Holmes~~          or          Defendant Shell Sharp

On plaintiff Michael Holmes's conspiracy claim against defendant Shell Sharp, as submitted in Instruction No. 13 ,we find in favor of

_____

~~Plaintiff Michael Holmes~~          or          Defendant Shell Sharp

On plaintiff Michael Holmes's conspiracy claim against defendant Bobby Garrett, as submitted in Instruction No. 14 ,we find in favor of

_____

~~Plaintiff Michael Holmes~~          or          Defendant Bobby Garrett

On plaintiff Michael Holmes's claim against defendant Shell Sharp for malicious prosecution, as submitted in Instruction No. 16 ,we find in favor of

_____

~~Plaintiff Michael Holmes~~          or          Defendant Shell Sharp

On plaintiff Michael Holmes's claim against defendant Bobby Garrett
for malicious prosecution, as submitted in Instruction No. $17$ , we find
in favor of

_____

Plaintiff Michael Holmes           or           Defendant Bobby Garrett

On plaintiff Michael Holmes's claim against defendant Shell Sharp for
false imprisonment, as submitted in Instruction No. $18$ , we find in
favor of

_____

Plaintiff Michael Holmes           or           Defendant Shell Sharp

On plaintiff ~~Bobby Garrett~~ Michael Holmes's claim against defendant Bobby Garrett
for false imprisonment, as submitted in Instruction No. $19$ , we find in
favor of

_____

Plaintiff Michael Holmes           or           Defendant Bobby Garrett

**Note:**      Complete the following paragraphs only if one or more of the
above findings is in favor of the plaintiff.

We find plaintiff Michael Holmes' damages to be:

$   2,500,000

(stating the amount).

_____
Joey Fegan
Foreperson

Dated:  3/4/16

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | : | Case No. 13-40091-399 |
| | : | |
| Shell J. Sharp, | : | Chapter 7 |
| | : | |
| Debtor. | : | |

---

| | | |
|---|---|---|
| | : | |
| MICHAEL HOLMES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Adversary No. 17-04060-399 |
| | : | |
| Shell J. Sharp | : | |
| | : | |
| Defendant. | : | |

: : : : : : : : : : : : : : : : : : : : : :

**ORDER ON PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE**

Now before the Court is Plaintiff's motion to dismiss this adversary action without prejudice to reinstatement, without payment of any further filing fee, and for determination of dischargeability if and when any federal court judgment becomes final.

For good cause, the Motion is **GRANTED.**

Accordingly, it is **ORDERED:** This adversary proceeding is dismissed without prejudice to reinstatement, without payment of any further filing fee, and for determination of dischargeability, if and when there is a completely final judgment in *Holmes v. Slay*, No. 12 CV-23333-HEA (E.D. Mo.), on appeal as *Michael Holmes v. Bobby Lee Garrett*, No. 17-1309 (pending).

It is further **ORDERED**: Should there be a final judgment in Holmes's civil matter, and motion or petition for restatement must be filed within 60 days of that matter becoming final.

**DATED:     October _____, 2017**          _____

St. Louis, Missouri 63102                    Barry S. Schermer
                                             United States Bankruptcy Judge

2